UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAGALY MORILLO, | : | |
| *Plaintiff*, | : | CIVIL CASE NUMBER: |
| | : | |
| v. | : | 3:17-CV-00733 (VLB) |
| | : | |
| BURLINGTON COAT FACTORY, | : | August 29, 2017 |
| OF CONNECTICUT, LLC, *et al.* | : | |
| *Defendants*. | : | |

## RULING AND ORDER ON MOTION FOR REMAND TO STATE COURT [DKT. 17]

This is a personal injury suit filed by the Plaintiff Magaly Morillo to recover damages against Burlington Coat Factory of Connecticut, LLC ("Burlington Coat of Connecticut"); Burlington Coat Factory Warehouse Corporation ("Burlington Coat Warehouse"), and Burlington's Regional Operations Manager Scott DiSalvo ("DiSalvo") (collectively, "Defendants"). Plaintiff initially filed this action in Connecticut state court, but Defendants removed the case to federal court on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(1). Before the Court is Plaintiff's motion to remand the case back to state court. For the foregoing reasons, the Court GRANTS this motion.

I. Background

Plaintiff resides in Waterbury, Connecticut. [Dkt. 1-1 (Summons & Compl.) at 1 of PDF]. The Complaint alleges that Burlington Coat of Connecticut is a "Connecticut company" and Burlington Coat Warehouse "is a Delaware company," both with addresses on Route 130 North in Burlington, New Jersey. *Id.* at 2, 6 of PDF. They are both alleged to operate and manage the Burlington Coat Factory store in Waterbury, Connecticut, where Plaintiff sustained her injuries. *See id.*

1

Scott DiSalvo is a "resident of Connecticut" who is "a Regional Operations Manager for Burlington Coat Factory stores," including the Waterbury store where Plaintiff slipped and fell. *Id.* at 10 of PDF.

The Complaint alleges three separate negligence counts against the three Defendants. The content of each count is nearly identical. In essence, the Complaint alleges that all three Defendants, their "agents, servants and/or employees, had a duty to inspect and maintain the floor near the cash register station. . . ." *Id.* at 3, 7, 10-11 of PDF. Defendants allegedly failed to do the following: properly inspect the floor; maintain the floor; follow adequate procedure to ensure the floor was properly inspected and maintained; properly train agents, servants, and/or employees to inspect and maintain the floor; warn the plaintiff the floor was unsafe; erect signs to isolate the unsafe area; enact procedures to ensure paper was not left on the floor. *Id.* at 3-4, 7-8, 11-12 of PDF. Defendants knew or should have known people would walk near the cash register station, they knew or should have known there was paper on the floor, and they allowed the paper to remain on the floor for an unreasonable period of time. *Id.*

Defendants contend that Burlington Coat of Connecticut is not a citizen of Connecticut as alleged in the Complaint; and further that DiSalvo was fraudulently joined in order to defeat diversity. [Dkt. 1 (Notice of Removal) ¶ 5]. Defendants also averred that the amount in controversy exceeds $75,000. *Id.* ¶ 3.

II. <u>Legal Discussion</u>

Federal courts are courts of limited jurisdiction only empowered to hear cases specifically authorized by the Constitution or statute. *Kokkonen v. Guardian*

*Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). Federal jurisdiction is available only when a federal question is presented, 28 U.S.C. § 1331, or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds $75,000; 28 U.S.C. § 1332. A case may be removed from state court to federal court only if it could have originally been commenced in federal court on either the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, (2005) (Ginsburg, J., dissenting) ("The Supreme Court has interpreted § 1441 to prohibit removal unless the entire action, as it stands at the time of removal, could have been filed in federal court in the first instance."); *Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005). In other words, a party generally may not remove an action from state to federal court unless the federal court possesses original jurisdiction. 28 U.S.C. § 1441(a).

Courts "generally evaluate jurisdictional facts . . . on the basis of the pleadings, viewed at the time when [the] defendant files the notice of removal." *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 56-57 (2d Cir. 2006); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 536-38 (1939). The removing party bears the burden of proof. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where the "allegations of jurisdictional facts are challenged by [its] adversary in *any appropriate manner*," the averring party must provide "competent proof." *Id.* at 301 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

**Diversity jurisdiction exists over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "Citizens of different states" requires complete diversity, i.e., the citizenships of all defendants must be different from the citizenships of all plaintiffs. *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). In resolving questions of removal jurisdiction, federal courts are to "construe the removal statute narrowly" and "resolv[e] any doubts against removability." *Purdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013).**

    **A. *Amount in Controversy***

**The Complaint merely alleges that Plaintiff seeks "greater than Fifteen Thousand Dollars. . . ." [Dkt. 1-1 at 15 of PDF]. This language is the boilerplate demand statement as required by Connecticut state court procedure. *See United Food*, 30 F.3d at 305 (addressing the boilerplate state court procedure language in the context of a case involving injunctive relief); Conn. Gen. Stat. § 52-91 (requiring a civil complaint to specify whether the monetary damages sought are less than $2,500; between $2,500 and $15,000; or greater than $15,000). Plaintiff does not challenge this aspect of diversity of citizenship and the Court can imagine that medical bills for a torn meniscus (which often requires surgery), amongst her other injuries, might exceed $75,000. Accordingly, the Court will not remand the case on the basis of the amount in controversy.**

**B.** *Citizenship*

The parties dispute whether Burlington Coat of Connecticut is a citizen of Connecticut as alleged in the Complaint and contends that DiSalvo is fraudulently joined. Defendants have failed to meet their burden of presenting the required evidence for the Court to rule in their favor. The Court will touch upon each citizenship issue below.

**1.** *Burlington Coat of Connecticut*

The Complaint alleges that Burlington Coat of Connecticut is a "citizen of Connecticut" with an address in New Jersey. *See* [Dkt. 1-1 at 2 of PDF]. Defendants argue that Burlington Coat of Connecticut is "a domestic limited liability company with its principal place of business in the State of New Jersey," because the "sole member . . . is Burlington Coat Factory Warehouse and its principal place of business is in the State of New Jersey." [Dkt. 18 at 7]. Plaintiff responds that Burlington Coat of Connecticut is a citizen of Connecticut because it is a corporation and its state of incorporation is Connecticut. [Dkt. 17 (Mot. Remand) at 10]. Although the parties dispute business structure and citizenship, Defendants have not provided the Court with any evidence to refute the allegations of the Complaint.

A limited liability company derives citizenship from each of its members, including a domestic corporation that obtains citizenship from its place of incorporation and principle places of business. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Szewczyk v. Wal-Mart Stores, Inc.*, No. 3:09cv1449 (JBA), 2009 WL 3418232, at *1 (D. Conn. Oct.

19, 2009) ("[I]t is well established that an artificial legal entity other than a corporation does not have a state of incorporation or 'principal place of business' for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of all of the members of that entity."). Plaintiff is therefore incorrect to the extent she argues that Burlington Coat of Connecticut is a "corporation" as contemplated by 28 US.C. § 1332(c)(1). Notwithstanding, Defendants have failed to present evidence of the LLC's formation, organization, membership and citizenship of its members. In so failing it has not met its burden to show that Burlington Coat is not a citizen of Connecticut as the Complaint alleges and that this Court has diversity jurisdiction.

2. *Scott DiSalvo*

Defendants assert Plaintiff fraudulently joined DiSalvo as a party in order to defeat diversity jurisdiction. To demonstrate fraudulent joinder, the diverse defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). When ruling on fraudulent joinder, a court must resolve all factual and legal issues in plaintiff's favor. *Id.* A court may examine evidence outside of the pleadings but only if that evidence "clari[ies] or amplify[ies] claims actually made in the notice of removal." 16 *Moore's Federal Practice*, § 107.14[2][c] (Mattew Bender 3d ed.) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-702 (5th Cir. 1999)). A court cannot consider "post-removal

19, 2009) ("[I]t is well established that an artificial legal entity other than a corporation does not have a state of incorporation or 'principal place of business' for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of all of the members of that entity."). Plaintiff is therefore incorrect to the extent she argues that Burlington Coat of Connecticut is a "corporation" as contemplated by 28 US.C. § 1332(c)(1). Notwithstanding, Defendants have failed to present evidence of the LLC's formation, organization, membership and citizenship of its members. In so failing it has not met its burden to show that Burlington Coat is not a citizen of Connecticut as the Complaint alleges and that this Court has diversity jurisdiction.

2. *Scott DiSalvo*

Defendants assert Plaintiff fraudulently joined DiSalvo as a party in order to defeat diversity jurisdiction. To demonstrate fraudulent joinder, the diverse defendant "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). When ruling on fraudulent joinder, a court must resolve all factual and legal issues in plaintiff's favor. *Id.* A court may examine evidence outside of the pleadings but only if that evidence "clari[ies] or amplify[ies] claims actually made in the notice of removal." 16 *Moore's Federal Practice*, § 107.14[2][c] (Mattew Bender 3d ed.) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-702 (5th Cir. 1999)). A court cannot consider "post-removal

filings when reviewing a fraudulent joinder claim [if] they raise a new cause of action or theories not raised in the controlling petition filed in state court." *Id.* A court may resolve a fraudulent joinder claim without holding an evidentiary hearing. *See Pampillonia*, 138 F.3d at 461 (deciding fraudulent joinder issue on affidavits submitted by parties).

Defendants base their fraudulent joinder argument on the latter method, that "there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id*. Defendants have submitted one piece of evidence in support of their claim that complete diversity of citizenship exists: DiSalvo's affidavit. The affidavit confirms that DiSalvo was "the agent, employee and local Regional Operations Manager of the defendant Burlington Coat Factory of Connecticut, LLC" and that he "is not, and never has been an owner or part owner of the store" where the injuries occurred. [Dkt. 18-1 (Opp'n Mot. Remand Ex. A (DiSalvo Aff.) ¶¶ 3-4].

The affidavit further challenges DiSalvo's personal liability stating, "that the complaint does not allege facts sufficient to constitute any cause of action against this affiant or to show that he . . . supervised, trained and/or instructed store managers or sales associates as it pertains to the allegations in the complaint in his capacity. . . ." *Id.* ¶ 6. However, the affidavit does not affirmatively establish DiSalvo's duties and role as a Regional Operations Manager, nor does it attest to whether he was present at the accident or interacted with Plaintiff. As such the affidavit raises issues of fact but does not constitute clear and convincing evidence that DiSalvo is not liable to Plaintiff.

7

A defendant cannot demonstrate fraudulent joinder merely by showing the complaint fails to state a claim upon which relief may be granted. *See Mihok v. Medtronic, Inc.*, 119 F. Supp. 3d 22, (D. Conn. 2015); *Read v. Nationwide Mut. Ins.*, No. 3-06-cv-00514 (JCH), 2006 WL 2621652, at *1 (D. Conn. Sept. 13, 2006) (citing *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177 (S.D.N.Y. 2003). The threshold question is whether there is *no possibility* for liability against DiSalvo, and this standard is "strictly applied by courts in this Circuit." *Zhaoyin Wang v. Beta Pharma, Inc.*, No. 3:14-CV-01790, 2015 WL 5010713, at *5 (D. Conn. Aug. 24, 2015) ("The fraudulent joinder standard is strictly applied by courts in this Circuit."); *see Battaglia v. Shore Parkway Owner LLC*, ---F. Supp. 3d---, 2017 WL 1373424, at *3 (E.D.N.Y. Apr. 12, 2017) ("The 'no possibility' standard is not an alternative to finding a fraudulent joiner; rather, it is a strong indicator that plaintiff's intent was to prevent removal without grounds to do so."); *In re Fosamax Prods. Liab. Litig.*, No. 09-CV-4061, 2009 WL 3109832, at *2 (S.D.N.Y. Sept. 28, 2009) ("Most courts in this district have applied the 'no possibility' standard rather strictly."); *Stan Winston*, 314 F. Supp. 2d at 183 (concluding that defendants had not shown that it was "legally impossible" for non-diverse defendant to be liable under state law); *Nemazee v. Premier, Inc.*, 232 F. Supp. 2d 172, 178 (S.D.N.Y. 2002) (noting that fraudulent joinder "turns on whether recover is per se precluded"; "[a]ny possibility of recovery, even if slim, militates against a finding of fraudulent joinder").

Defendant's sole evidence referenced above is directed at pointing out what Plaintiff has failed to allege. Indeed, the affidavit suggests that to recover against

8

DiSalvo, Plaintiff may have to assert more facts establishing that DiSalvo committed or participated in the negligent acts. *See Scribner v. O'Brien, Inc.*, 169 Conn. 398, 404 (1975) ("Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby."); *Indiaweekly.com, LLC v. Nehavlix.com, Inc.*, 596 F. Supp. 2d 497, 507 (D. Conn. 2009) (applying *Scribner* rule). Plaintiff ultimately may not be able to do this, but a failure to do so at this stage is insufficient for the purposes of fraudulent joinder.

Generally, courts err against retaining federal jurisdiction over slip and fall cases based on fraudulent joinder. *See, e.g., Battaglia*, 2017 WL 1373424 at *4 (holding that defendant failed to show fraudulent joinder in a slip and fall action against the landlord and tenant because plaintiffs typically bring suit against both individuals even where the plaintiff "may not know enough facts about the accident to determine whether the landlord has liability under the lease"); *Schulman v. MyWebGrocer, Inc.*, No. 14-CV-7252 (ENV) (RML), 2015 WL 3447224, at *3 (E.D.N.Y. May 28, 2015) (in ruling against fraudulent joinder, the court opined, "Stated differently, 'while defendants may ultimately prevail in state court, the Court cannot say that there is no possibility that [Schulman] will prevail'"). This includes slip and fall cases asserting liability against store managers. *See DeBiase v. Target Stores, Inc.*, No. 3:17-cv-654 (JBA), 2017 WL 2971859, at *2 (D. Conn. July 12, 2017) (holding that defendants failed to show manager was fraudulently joined despite the defendants' contentions that allegations against the manager and Target were "nearly identical"); *Shannon v. Target Stores, Inc.*, No. 3:13-cv-612 (SRU), 2013 WL

3155378, at *2 (D. Conn. June 20, 2013) (remanding case for failure to show fraudulent joinder, and stating, "But the defendants supply no authority for the proposition that Connecticut law *precludes* an injured plaintiff from asserting negligence claims against a store manager merely because she has asserted the same or substantially-similar claims against the storeowner") (emphasis in original); *Szewczyk*, 2009 WL 3418232 at *4 (concluding that there is a possibility a claim may be brought against the store manager because "Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence").

As noted above, the Complaint alleges that DiSalvo failed to follow adequate procedures to assure that the store was maintained in a reasonably safe condition and to properly train agents, servants, and/or employees to inspect and maintain the store in a reasonably safe condition. These are not responsibilities that clearly and convincingly fall outside the role of a store manager, including a regional manager. Defendants have not presented evidence that clearly and convincingly shows that DiSalvo could not possibly be held liable for negligent acts causing a patron's injuries. Accordingly, Defendants have not satisfied their burden of proving that Plaintiff fraudulently joined DiSalvo as a Defendant in this case.

## III. Conclusion

For the aforementioned reasons, the Court hereby GRANTS Plaintiff's Motion to Remand and the action may proceed in state court. The Clerk is directed to close this case.

**IT IS SO ORDERED.**

**_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: August 29, 2017**